# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-978V
Filed: March 16, 2020

```
*  *  *  *  *  *  *  *  *  *  *  *  *      *
HARVARD DAVIS,                            *
                                          *      UNPUBLISHED
                  Petitioner,             *
                                          *
v.                                        *      Interim Attorneys' Fees and Costs;
                                          *      Deferral
SECRETARY OF HEALTH                       *
AND HUMAN SERVICES,                       *
                                          *
                  Respondent.             *
                                          *
*  *  *  *  *  *  *  *  *  *  *  *  *      *
```

*Lisa Roquemore, Esq.,* Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA, for petitioner.
*Adriana Teitel, Esq.,* United States Department of Justice, Washington, DC, for respondent.

### ORDER DEFERRING DECISION ON INTERIM FEES AND COSTS APPLICATION[1]

**Roth,** Special Master:

On October 14, 2014, Harvard Davis ("Mr. Davis" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Petitioner alleged that he developed Guillain-Barre Syndrome ("GBS") after receiving an influenza vaccination on August 19, 2013. *See* Petition ("Pet."), ECF No. 1.

---

[1] This Order has been designated "to be published," which means I am directing it to be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Order will be available to anyone with access to the internet.** However, the parties may object to the Order's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Order will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 30, 2016, petitioner's counsel filed her first motion for interim attorneys' fees and costs, requesting $82,328.58 in interim attorneys' fees and costs, $24,447.30 in interim fees and costs for the life care planner, and $3,400 in out-of-pocket expenses for Mr. Davis, for a total of $110,175.88 in fees and costs. Motion for Interim Fees, ECF No. 55. This request was granted in part on January 23, 2017; petitioner's counsel was awarded $82,328.58 in interim attorneys' fees, $24,347.30 in interim fees and costs associated with petitioner's life care planner, and $3,400.00 in out-of-pocket expenses, for a total award of $110,075.88 in fees and costs. Decision, ECF No. 60.

On December 4, 2019, petitioner filed the instant motion for interim fees and costs, requesting $194,300.40 in interim attorneys' fees, $5,586.61 in interim costs, $56,642.63 in interim expert's fees and costs, and $219.39 in out-of-pocket expenses for Mr. Davis, for a total of $256,749.03 in fees and costs. Second Motion for Interim Fees, ECF No. 142. In his Response, respondent raised several issues with petitioner's claim and requested "a decision on petitioner's fee application be deferred" until the issue of entitlement had been resolved. Response at 13-14, ECF No. 155. Petitioner filed a reply on February 18, 2020, reiterating the basis for his interim fees application and requesting an additional $2,604.84 in court reporter fees, bringing the total interim fees and costs request to $259,353.87. Reply, ECF No. 157.

Special masters are afforded broad discretion in determining whether interim fees are appropriate. *Avera v. Sec'y of Health & Human Servs*., 515 F. 3d 1343, 1352 (Fed. Cir. 2008); *see also Kirk v. Sec'y of Health & Human Servs*., No. 08–241V, 2009 WL 775396, at *1 (Fed. Cl. Spec. Mstr. Mar. 13, 2009) (reading *Avera* to set a "broad, discretionary vehicle for ensuring that petitioners are not punished financially while pursuing their vaccine claim"); *Bear v. Sec'y of Health & Human Servs*., No. 11–362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013) (*Avera* provides only "*examples* and *general guidance* concerning when interim fees and costs might be awarded, leaving the special masters broad *discretion* to consider many factors in considering whether an interim award is appropriate in a particular case") (emphasis in original).

Special masters have exercised this discretion in declining to award interim fees in matters where a petitioner had previously received an award of interim fees. *See, e.g., King v. Sec'y of Health & Human Servs*., No. 03-584V, 2009 WL 2252534, at *3 (Fed. Cl. Spec. Mstr. July 10, 2009) (Noting that, in the vast majority of Vaccine Program cases, only one award of interim fees would be appropriate); *Schultz v. Sec'y of Health & Human Servs*., No. 16-539V, 2019 WL 5095634 (Fed. Cl. Spec. Mstr. Aug. 15, 2019), *mot. recons. denied*, 2019 WL 5098963, at *2 (Awarding interim expert costs but deferring ruling on interim fees where petitioner had already received an award of interim fees); *Carda on behalf of G.J.C. v. Sec'y of Health & Human Servs*., No. 14-191V, 2017 WL 5378364, at *1 (Fed. Cl. Spec. Mstr. Sept. 5, 2017) (Denying a third request for interim fees where petitioner had previously received two awards of interim fees).

As a general rule, I only entertain one application for interim fees and costs during the course of a case and typically, that occurs after an entitlement hearing. In this matter, petitioner already applied for and received an award of interim fees and costs. Moreover, respondent has raised compelling reasons in his response for why additional interim fees and costs should be deferred until after a ruling on entitlement has been issued. This ruling on petitioner's second application for interim fees and costs should in no way be interpreted as an indication that the

issues raised by respondent are accurate or viable. However, those issues can only be appropriately addressed after a full analysis of the merits of all of the evidence in this case and a ruling on entitlement has been issued.

Accordingly, petitioner's application for interim attorneys' fees and costs is hereby **DEFERRED** until the conclusion of the entitlement phase of this case.

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master