# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 14-978V
### Filed: October 12, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| HARVARD DAVIS, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Interim Attorneys' Fees and |
| | * | Costs. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Lisa Roquemore, Esq.*, Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA, for petitioner.
*Jennifer Shah, Esq.*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

On October 14, 2014, Harvard Davis ("Mr. Davis" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] Petitioner alleged that he developed Guillain-Barre Syndrome ("GBS") after receiving an influenza vaccination on August 19, 2013. *See* Petition ("Pet."), ECF No. 1. On December 4, 2019, petitioner filed a second Motion for Interim Attorney's Fees and Costs. ECF No. 142 ("Interim Fees App."). After careful consideration, the undersigned **grants** the request for the reasons set forth below.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I.   Procedural History

Due to the prolonged nature of this matter, an abbreviated procedural history is provided.[3] Mr. Davis filed his petition on October 14, 2014, and the case was initially assigned to Special Master Dorsey. ECF No. 1, 4.

After petitioner filed numerous medical records and a Statement of Completion, respondent filed a status report on April 15, 2015, indicating a willingness to engage in settlement negotiations. ECF No. 21. The matter proceeded on a settlement track for over 14 months, during which time it was reassigned to the undersigned on October 21, 2015. ECF No. 32. On June 29, 2016, petitioner filed a status report stating that the parties had reached an impasse in negotiations. ECF No. 44. Additional medical records and several expert reports each from Dr. Steinman and Dr. Chaudhry were filed, and the matter proceeded on a dual track of renewed settlement negotiations and scheduling and preparing for hearing.

During this time, petitioner filed his first Motion for Interim Attorneys' Fees and Costs on December 30, 2016. ECF No. 55. Respondent filed a response on January 17, 2017, deferring to the Special Master to determine if petitioner met the legal standard for an award of interim fees and costs. ECF No. 58. A Decision was issued on January 23, 2017, granting petitioner's Motion in part, and awarding a total of $110,075.88. ECF No. 60.

After attempts at resolution again failed, an entitlement hearing was held on April 4 and 5, 2019 in Sacramento, CA. Despite two full days of hearing, the matter was not completed and resumed on October 30, 2019 in Washington, DC.

On December 4, 2019, petitioner filed a second Motion for Interim Attorney's Fees and Costs. ECF No. 142. After one Motion for extension of time, which was granted, respondent filed a response on February 10, 2020, raising both good faith and reasonable basis.[4] ECF No. 155. Petitioner filed a reply on February 18, 2010. ECF No. 157. On March 16, 2020, an Order was issued deferring ruling on petitioner's second interim fees request until after a ruling on entitlement was issued, so the arguments raised by respondent in his response could be fully addressed. ECF No. 159.

The parties filed simultaneous post-hearing briefs on August 31, 2020, and petitioner filed a reply brief thereafter, on October 15, 2020. ECF Nos. 165, 166, 167. A Ruling on Entitlement was issued on April 27, 2022, finding petitioner entitled to compensation. ECF No. 169.

The entitlement phase of this matter having concluded in favor of petitioner, petitioner's second Motion for Interim Attorneys' Fees and Costs is now ripe for decision.

---

[3] A more complete and comprehensive procedural and medical history is contained in the Ruling on Entitlement issued on April 27, 2022 and incorporated herein by reference in its entirety. *See* ECF No. 169.

[4] Since the filing of respondent's response to petitioner's interim fees request, a Ruling on Entitlement in favor of petitioner was issued. Therefore, any arguments regarding good faith and reasonable basis have been rendered moot and will not be addressed.

## II. Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## III. Discussion

### A. Availability of Interim Fees

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs*., 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id*. at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id*. at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs*., 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs*., No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs*., 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. This matter has been pending for nearly eight years, and because ruling on this Motion was deferred until after ruling on entitlement, it has been nearly six years since petitioner's first Motion for Interim Attorneys' Fees and Costs was granted in part. Although the undersigned generally only entertains one application for interim fees and costs during the course of a case, this case presents what is

3

anticipated to warrant a second award of interim fees due to its protracted nature. *See, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees). Moreover, while the parties began damages discussions following the Ruling on Entitlement, it does not appear that a conclusion to this matter is imminent. Thus, an award of interim fees is appropriate so that counsel is not unduly financially burdened during protracted litigation.

### B. Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[5]

Petitioner has requested the following hourly rates for his attorney, Ms. Lisa Roquemore: $409.00 for work performed in 2017 and 2018 and $421.00 for work performed in 2019. For Ms. Roquemore's paralegal, petitioner has requested an hourly rate of $138.00 for work performed in 2017 and 2018 and $139.00 for work performed in 2019. The requested rates are consistent with with what Ms. Roquemore has previously been awarded in the Program. *See Anderson v. Sec'y of Health & Human Servs.*, No. 20-440V, 2022 WL 3151737 (Fed. Cl. Spec. Mstr. July 13, 2022); *Grow v. Sec'y of Health & Hum. Servs.*, No. 16-013V, 2021 WL 1972427 (Fed. Cl. Spec. Mstr. Apr. 16, 2021). Accordingly, the undersigned finds these rates to be reasonable and awards them herein.

---

[5] The 2015-2022 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

## C. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that generally, the billing entries adequately describe the work done on the case and the amount of time spent on that work. Accordingly, petitioner is entitled to interim attorneys' fees of **$194,300.40.**

## D. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of **$63,053.47** in costs, representing $8,191.45 in attorneys' costs[6], $54,642.63 in expert fees for Dr. Steinman[7], and $219.39 for petitioner's out-of-pocket costs. Fees App. at 2; Reply at 13.

---

[6] This amount represents the amount in costs requested by petitioner in his second Motion for Interim Attorneys' Fees and Costs ($5,586.61) and the additional costs requested in petitioner's Reply ($2,604.84) combined. Interim Fees App. at 2; Reply at 13.

[7] Dr. Steinman was previously paid a $2,000.00 retainer by petitioner and counsel together. The retainer was awarded as part of petitioner's first Motion for Interim Attorneys' Fees and Costs, so this amount ($54,642.63) represents Dr. Steinman's remaining balance.

### 1. Expert Costs

Petitioner requests $54,642.63 for Dr. Steinman: $50,625.00 for work performed during the period from March 2017 to October 2019 and $4,017.62 in travel and lodging expenses associated with the hearings in Sacramento and Washington, DC. Fees App. at Ex. 9.

Dr. Steinman billed a total of 105.25 hours at a rate of $500.00 per hour, a rate he has previously been awarded in the Program. *See Roach-Yohey v. Sec'y of Health & Human Servs.*, No. 17-1744V, 2022 WL 1075388 (Fed. Cl. Spec. Mstr. Mar. 4, 2022).

Dr. Steinman also submitted his costs associated with the hearings in this matter. The undersigned generally finds these costs to be adequately supported and reasonable, with one exception. Dr. Steinman billed for business class airfare for his flight to Washington, DC for the supplemental hearing in October 2019. The Court has previously declined to compensate for first class airfare, business class train fare, and Acela Express train fare. *Roby v. Sec'y of Health & Human Servs.*, No. 15-125V, 2021 WL 1546051 (Fed. Cl. Spec. Mstr. Mar. 19, 2021). However, in his submitted documents, Dr. Steinman reduced the price of his business class ticket by 50%, the same percentage reduction used by special masters in other matters for business class airfare, so no further reduction is required.

Overall, the undersigned finds Dr. Steinman's invoice to be reasonable and awards $54,642.63 to Dr. Steinman for his expert services in this matter.

### 2. Petitioner's Costs

Petitioner requests $219.39 in costs, representing $194.15 in out-of-pocket litigation costs for postage, copying, and acquiring medical records, and $25.24 in costs associated with attending the April 2019 hearing, including mileage, parking, and meals. Fees App. at Ex. 5, 6. The undersigned finds these costs sufficiently documented and reasonable, and therefore awards them in full.

### 3. Total Reasonable Costs

Petitioner also requests $8,191.45 in costs incurred by Ms. Roquemore, including postage, copying, transcript costs, and reimbursement for transportation, lodging,[8] and meals associated with both hearings in this matter. Fees App. at 2, Ex. 4; Reply at 13. The undersigned has reviewed these costs and finds them reasonable and supported with adequate documentation.

Accordingly, petitioner is entitled to **a total of $63,053.47 in costs**, representing $8,191.45 in costs to Ms. Roquemore, $54,642.63 in expert fees for Dr. Steinman, and $219.39 for petitioner's out-of-pocket costs.

---

[8] Though the supplemental hearing was scheduled for one day, October 30, 2019, both Ms. Roquemore and her expert traveled to Washington, DC on October 28, 2019 and each billed for three nights in a hotel. Fees App. at Ex. 4, 9. In the future, counsel and her expert are cautioned to be cognizant of the cost of staying in Washington, DC for more time than is necessary for the hearing.

### IV. Total Award Summary

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **GRANTED.** Petitioner is therefore awarded **$257,353.87**, representing **$194,300.40** in attorneys' fees and **$63,053.47** in costs[9] **in the form of a check payable jointly to petitioner, Harvard Davis, and his counsel, Lisa Roquemore, Esq.**

The clerk of court shall enter judgment accordingly.[10]

**IT IS SO ORDERED.**

s/Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[9] This amount includes petitioner's costs and Dr. Steinman's expert fees.
[10] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing of a notice renouncing the right to seek review.